UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MC - UA LOCAL 119 HEALTH AND WELFARE PLAN, on behalf of itself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>GLAXOSMITHKLINE plc and SMITHKLINE BEECHAM CORPORATION,<br><br>　　　　　　　　　Defendants. | Docket No. 02-CV-4398 |

| | |
|---|---|
| JOSEPH BURRELL and EILEEN JACOBS, on behalf of themselves and all others similarly situated, and HEALTH CARE FOR ALL, on behalf of itself and its respective members<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　　　　v.<br><br>GLAXOSMITHKLINE plc and SMITHKLINE BEECHAM CORPORATION,<br><br>　　　　　　　　　Defendants. | Docket No. 02-CV-4431 |

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND, on behalf of itself and all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>GLAXOSMITHKLINE plc and SMITHKLINE BEECHAM CORP. d/b/a GLAXOSMITHKLINE, INC.,<br><br>     Defendants. | Docket No. 02-CV-4571 |
| JOANNE GADDY, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>GLAXOSMITHKLINE plc and SMITHKLINE BEECHAM CORPORATION,<br><br>     Defendants. | Docket No. 02-CV-6707 |

| | |
|---|---|
| SHEILA A. VIGEANT, on behalf of herself and all other persons and entities similarly situated,<br><br>            Plaintiff,<br><br>            v.<br><br>GLAXOSMITHKLINE plc and SMITHKLINE BEECHAM CORP. d/b/a GLAXOSMITHKLINE, INC.,<br><br>            Defendants. | Docket No. 02-CV-6687 |
| JEFFREY ETTINGER, MATTHEW ANDRE and FLORIDA ADVOCATES FOR CONSUMER TRUTH, on behalf of themselves and all other persons and entities similarly situated,<br><br>            Plaintiffs,<br><br>            v.<br><br>GLAXOSMITHKLINE plc and SMITHKLINE BEECHAM CORP. d/b/a GLAXOSMITHKLINE, INC.,<br><br>            Defendants. | Docket No. 02-CV-6688 |

## CASE MANAGEMENT ORDER NO. 1

**WHEREAS**, the above-captioned actions have been filed against Defendants GlaxoSmithKline plc and SmithKline Beecham Corporation in the United States District Court for the Eastern District of Pennsylvania, seeking injunctive relief and money damages for alleged injuries sustained by indirect purchasers of Wellbutrin SR® and Zyban®;

**WHEREAS**, in order to promote judicial economy and avoid duplication, plaintiffs have requested the Court to provide for (i) coordination among the actions brought on behalf of a putative class of consumers of and/or third-party payors for Wellbutrin SR® and Zyban® (collectively, "End-Payor Class Actions"); (ii) consolidation of the End-Payor Class Actions filed in or transferred to this District; and (iii) an organization of Plaintiffs' Counsel in the End-Payor Class Actions; and

**ACCORDINGLY**, and for Good Cause Shown, **IT IS HEREBY ORDERED** as follows:

### I.  CONSOLIDATION OF ACTIONS

1.  Any End-Payor Class Action now pending or hereafter filed in this Court, or transferred to this Court, arising out of the same alleged operative facts as the above-captioned actions, is hereby consolidated for all pretrial and trial purposes (collectively, the "Consolidated Action").

### II.  CAPTION OF CASES

2.  Every pleading filed in the Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE WELLBUTRIN SR/ZYBAN ANTITRUST LITIGATION | Master File No. 02-CV-4398 |
| THIS DOCUMENT RELATES TO: | |

3.  When a pleading or other court paper filed in the Consolidated Action is intended

to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above.  When a pleading or other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable by last name of the named plaintiff(s) and the docket number(s).

**III.   MASTER DOCKET, MASTER FILE, AND SEPARATE ACTION DOCKETS**

4. A Master Docket and a Master File are hereby established for the Consolidated Action, including actions subsequently filed in or transferred to this Court.  The Master File number is 02-CV-4398.

5. Documents shall bear the captions, as provided in paragraphs 2-3 above, of the actions in which the authors intend the documents to be served and/or filed.  Entries shall be made on the dockets of those actions whose captions appear on the pleading or court paper.

6. Separate dockets shall be maintained for each related End-Payor Class Action subsequently filed in or transferred to this Court, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

7. When a pleading or other court paper is filed and the caption, pursuant to ¶¶ 2-3 above, shows that it is to be applicable to "All Actions," the Clerk shall file such pleading or other court paper in the Master File and note such filing in the Master Docket.  No further copies need to be filed or docket entries made.

8. When a pleading or other court paper is filed and the caption shows that it is applicable to fewer than all actions that are consolidated before this Court, the Clerk shall file such pleading or other court paper only in the Master File, and shall note such filing in both the Master Docket and in the docket of each such action.

## IV. NEWLY FILED OR TRANSFERRED ACTIONS

9. When a case that relates to the subject matter of the Consolidated Actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

    a. Make an appropriate entry in the Master Docket;

    b. Place a copy of this Order in the separate file for such action;

    c. Mail a copy of this Order to the attorney(s) for the Plaintiff(s) in the newly filed or transferred case and to the attorneys for any new Defendant(s) in the newly filed or transferred case with a specific reference to paragraph 12 of this Order, requiring that any objection to consolidation be filed within 15 days; and

    d. Mail a copy of the Order of assignment to counsel for Plaintiffs and to counsel for Defendants.

10. This Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing or transfer of any case which might properly be consolidated as part of the Consolidated Action.

11. Counsel shall notify the Clerk of any action brought on behalf of a putative class of End-Payor purchasers of Wellbutrin SR®/Zyban® that is subsequently filed in or transferred to this Court.

12. This Order shall apply to each related case that is subsequently filed in this Court or transferred to this Court unless a party objecting to the consolidation of such case or to provision of this Order shall, within fifteen (15) days after the date upon which an Order is mailed to counsel for such party, file an application for relief from this provision and this Court deems it appropriate to grant such application.

V.   **CONSOLIDATION & ORGANIZATION OF COUNSEL**

13.   The consolidated actions are as follows:

| Plaintiff | Docket No. | Judge Assigned |
|---|---|---|
| MC-UA Local 119 Health and Welfare Plan | 02-CV-4398 | The Honorable Bruce W. Kauffman |
| Joseph Burrell | 02-CV-4431 | The Honorable Bruce W. Kauffman |
| United Food and Commercial Workers Benefits Fund | 02-CV-4571 | The Honorable Bruce W. Kauffman |
| Joanne Gaddy | 02-CV-6707 | The Honorable Bruce W. Kauffman |
| Sheila A. Vigeant | 02-CV-6687 | The Honorable Bruce W. Kauffman |
| Jeffrey Ettinger | 02-CV-6688 | The Honorable Bruce W. Kauffman |

14.   The Court designates the following to act on behalf of all Plaintiffs in the Consolidated Action, with the responsibilities hereinafter described:

a.   As Liaison Counsel in the Consolidated Action:

> Anthony J. Bolognese
> Bolognese & Associates, LLC
> 1617 JFK Blvd., Suite 650
> Philadelphia, PA  19103
> Telephone: (215) 814-6750
> Facsimile: (215) 814-6764

    b.    As Co-Lead Counsel in the Consolidated Action:

        Marc A. Topaz
        Joseph H. Meltzer
        Schiffrin & Barroway, LLP
        Three Bala Plaza East, Suite 400
        Bala Cynwyd, PA  19004
        Telephone: (610) 667-7706
        Facsimile:  (610) 667-7056

        J. Douglas Richards
        Michael M. Buchman
        Milberg Weiss Bershad Hynes
         & Lerach, LLP
        One Pennsylvania Plaza
        New York, NY  10119
        Telephone:  (212) 594-5300
        Facsimile:   (212) 868-1229

        Thomas M. Sobol
        Jeniene Andrews-Matthews
        Hagens Berman LLP
        225 Franklin Street
        Boston, Massachusetts 02107
        Telephone:  (617) 482-3700
        Facsimile:    (617) 482-3003

            - and -

        Christopher A. O'Hara
        1301 5th Avenue, Suite 2900
        Seattle, Washington  98101
        Telephone: (206) 623-7292
        Facsimile: (206) 623-0594

15. Defendants' counsel are as follows:

> Mark S. Stewart
> Leslie E. John
> Ballard Spahr Andrews
>  & Ingersoll, LLP
> 1735 Market Street
> Philadelphia, PA 19103
> Telephone: (215) 665-8500
> Facsimile: (215) 864-8999
>
> William J. Baer
> Kenneth A. Letzler
> Cathy Hoffman
> Amy R. Mudge
> June Im
> Arnold & Porter
> Thurman Arnold Building
> 555 Twelfth Street, N.W.
> Washington, D.C. 20004
> Telephone: (202) 942-5000
> Facsimile: (202) 942-5999

16. Each attorney not a member of the Bar of this Court who is acting as counsel for a plaintiff or a defendant herein shall be deemed admitted pro hac vice to practice before this Court in connection with these proceedings.

17. Liaison Counsel in the Consolidated Action is charged with administrative matters such as receiving and distributing notices, orders, motions, and briefs, and advising parties of developments in the case.

18. Co-Lead Counsel in the Consolidated Action shall have sole authority over the following matters on behalf of all plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing, and argument of all motions; (c) the scope,

order, and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel as they may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with Defendants; and (h) other matters concerning the prosecution of or resolution of their respective cases.

19. No motion shall be initiated or filed on behalf of any Plaintiff in the Consolidated Action except through Co-Lead Counsel and Liaison Counsel.

20. Co-Lead Counsel and Liaison Counsel in the Consolidated Action shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs. Defendants' counsel may rely on all agreements made with Co-Lead Counsel and Liaison Counsel, and such agreements shall be binding on all counsel and named plaintiffs in the Consolidated Action.

21. All Plaintiffs' counsel shall keep contemporaneous time records.

## VI. COORDINATION

22. Co-Lead Counsel and Liaison Counsel shall coordinate activities to the extent appropriate and practicable. That coordination shall include collaboration to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

## VII. SCOPE OF ORDER

23. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such

in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any action.

24.  The terms of this Order shall not constitute a waiver by Defendants of any defenses they may have to any claims, or of any objections or defenses (including any defenses or objections under Rule 23 of the Federal Rules of Civil Procedure) they may have to the propriety of class certification.

## VIII.  FILING AND SERVICE OF DOCUMENTS

25.  A Copy of each Order entered by the Court will be provided to Plaintiffs' Liaison and Co-Lead Counsel in the Consolidated Action and to counsel for Defendants.

26.  Defendants shall effect service on plaintiffs by serving a copy of any document on Plaintiffs' Liaison and Co-Lead counsel, listed in paragraph 14, above. Plaintiffs shall effect service on Defendants by serving a copy of any document on counsel for Defendants listed in paragraph 15, above.

27.  Filing and service of any document may be effected by transmitting the original (for filing) or a copy (for service) of the document by: electronic transmittal (electronic case filing for documents submitted to the Court or electronic mail for service); overnight courier for next-business-day delivery; telecopier (service only); or hand delivery. Filing or service shall be deemed effective on the date on which the document is received (any document filed or served via electronic transmission, telecopier or hand delivery is deemed received on the day sent, provided the sender can establish receipt).

## IX. INITIAL CASE SCHEDULING AND WAIVER OF SERVICE

28. **Consolidated Class Action Complaint.** Plaintiffs in the Consolidated Action are hereby granted leave to file a Consolidated Class Action Complaint in their respective actions at anytime on or before November 5, 2002.

29. **Waiver of Service and Responsive Pleading.** Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, Defendants GlaxoSmithKline plc and SmithKline Beecham Corporation, respectively have agreed to waive service of process of the Consolidated Class Action Complaint. Service of process shall be deemed appropriate by delivery of the Consolidated Class Action Complaint to counsel for Defendants listed in paragraph 15.

30. Each Defendant's response to the Consolidated Class Action Complaint shall be due within sixty (60) days of service of the Consolidated Class Action Complaint.

31. The Consolidated Class Action Complaint will supersede all previously filed complaints in the individual End-Payor Class Actions hereby consolidated by this Order. As a result, Defendants shall not be required to file any responsive pleading to any of the individual End-Payor Class Action complaints now or hereafter consolidated into this Consolidated Action, even if the time to respond would expire before the deadline set herein for responding to the Consolidated Class Action Complaint. Accordingly, Defendants shall not be found in default for failing to respond to any End-Payor Class Action consolidated into this Consolidated Action.

**IT IS SO ORDERED**.

Dated: _____
                Honorable Bruce W. Kauffman
                United States District Judge